Good morning, your honors. My name is Marcus Mumford. I represent Shane and Chris Shell Hymas, the appellants in this case. You can see I also stutter. If you would let me know if there are any issues. I also plan to reserve two minutes of my time for a rebuttal. And I'll try to help you with that, but ultimately you're responsible. Absolutely. Thank you, your honor. May it please the court. The restitution order ordered by the district court in this case came 521 days after sentencing. Appellants are seeking that order be vacated on two grounds. First of all, because it is untimely. And then second of all, on the grounds that the government failed to meet its burden of proof to prove restitution in the first instance. Let me address the first argument first. They were sentenced. The law requires that any restitution order be ordered at the time of sentencing. It allows for restitution to be ordered after that, but only under certain limited circumstances. In other words, the statute 318 U.S.C. 3664 requires that only if restitution is not clear at the time of sentencing that it may be ordered 90 days thereafter. And the Supreme Court has said any order beyond that can only be upheld if the district court made clear at the time of sentencing that it would order restitution, leaving only the issue of how much to be determined. That is exactly what did not happen here. How did that not happen? How did the judge not make that clear? Well, and in fact, he admitted that there was the, he said at the time of sentencing, the defendants challenged not only the amount of sentencing, sorry, the amount of restitution, but whether restitution was warranted in this case. Because the government had not identified the victims. In fact, some of those alleged victims who are just the banks, these are banks that we're talking about, the one institution got back to the government and admitted that they did not suffer any losses. The other ones didn't even get back. How do you deal with the fact that, you know, under the statute, the Mandatory Victims Restitution Act, restitution is mandated and then you have the district court on the record saying the only thing remaining was the restitution figure? That is the, two things, Your Honor. The restitution is only mandated where it was directly and proximately caused by the defendant's conduct. In other words, it doesn't take from the government its burden to prove that the restitution was, the restitution to be ordered was actually caused by the defendant's conduct here. That's the government's burden and that's the government's burden that they did not meet. Second of all, you're grasping upon one instance in the court's transcript where the court used the word figure to refer to the issue of restitution. But in context, that is not making clear that he was going, the district court was going to grant, order restitution, but rather the court said at the end of the hearing, the court said there's still this restitution, this issue of restitution, it's unresolved. The language of the court was he found the whole issue to be convoluted and difficult to follow. In other words, his words are exactly the opposite of making clear that he was going to order restitution in the first instance. But his words that, he did say that, Judge Lodge, that they were convoluted and difficult to follow, but the evidence is that, in other words, he was trying to, you know, he had to follow that trail and that's what he had to do in order to determine the amount. Seems to me the indications that were given here by Judge Lodge are, you know, about the same kind that was given in the Supreme Court case, Dolan. In Dolan, it was really not much more specific than that, was it? No. In Dolan, the court did indicate, I'm going to order restitution, but I'm, but I just, it's not clear what the amount is. Here, it's important to see the context of this. Prior to the sentencing hearing, defendants had challenged not only the amount of the loss, but who the loss was owed. In other words, whether there were any victims to begin with. And the defendants challenged that prior to sentencing, challenged it at sentencing, and then the court requested sub-hearing, a briefing on that issue, and the defendants challenged that in the post-hearing briefing. In other words, the defense was saying, who are the victims? Because in order to order restitution, the court has to identify who those victims are. And the evidence was clear. The lenders making these loans admitted, and the government admitted, suffered no losses. And so the government said, well, yeah, but somebody somewhere ordered, suffered a loss because this loan was packaged with others, appooled, sliced and diced, sold off to investors. And the defendants are simply saying, yeah, but who are those people? In other words, it's not, and how is our conduct a direct and proximate cause of losses that those individuals suffered? What's your best case to support your position that the judge was not clear? Our best case is both, I think, the Dolan case and the Kuo case. In other words, in the Kuo case, the Supreme Court remanded to see, in this circuit, to see if it did make clear pursuant to a Dolan. And the court in that case had done as it did here. A judgment had not indicated that restitution was going to be ordered, and that's what happened here. But on the record in the Kuo case, the court said, I'm going to compel you to pay restitution. In other words, I'm going to order you to pay restitution. It's just not clear what the amount, you know, it was just not, that oral order was not subsequently incorporated into the written order. Here, there is no oral order on that. How clear did the judge, I mean, what did the judge need to say in your mind, you know? I am ordering restitution in this matter. It's only unclear what the amount is. And that's what he did not say. I think your position almost comes down to that Dolan doesn't apply where the defendant denies any restitution owed at all. And the judge says, I think Judge Lott says, well, I have to figure out first whether any restitution at all is owed, right? I think that's right. You know what you're saying? Yes. In other words, when the judge says that, it almost, you have to necessarily assume that all that's involved is not the amount, and Dolan applies only if the only thing left to compute is the amount. I mean, that's right. You're right to the extent our position is the statute mandates it be ordered at the time of sentencing. It allows for the issue to extend beyond that point, but only where the district court makes it clear. Otherwise, you have the instance that you have here, where the defendants were sentenced, served their time, got on with life. It's a little bit like Jean Valjean in the Victor Hugo novel, where he's gotten on with life, he's served his time, he's become a productive citizen again, and Inspector Javert shows up 521 days later after sentencing to say, aha, even though these banks didn't show up, and even though these banks admitted that they suffered no losses, I'm going to order you to pay almost a million dollars in restitution based on conduct that you didn't, based on our assumptions that the conduct that you admitted to in this one single loan was applicable to these other loans, and that's an important fact, and also because we're just going to assume that your conduct is a but-for cause of the losses that these banks suffered, and that's exactly what the law does not require. Thank you. I was going to reserve time. I'll give you one minute at the end. Thank you. May it please the court. Serena Case Hargrove on behalf of the United States. Your Honors, the defendants did challenge restitution in that two-day hearing, and that is true. They also sought to challenge facts to which they pleaded, facts included in their plea agreement. That can hardly allow them to escape a statutory mandate. The Mandatory Victim Restitution Act required restitution to all victims. When there are victims. Yes, Your Honor. And weren't they challenging whether or not there were really victims here? They were, Your Honor. They were. So although they did acknowledge on Loan 4 that they had misrepresented their income and that that was material, that it mattered to the banks, there was expert testimony provided that although, yes, the banks sold these loans, pulled them and sold them, that the end, the last person stuck holding that mortgage. The downstream bank. Exactly. And the Ninth Circuit precedent really as early as 1991 in the Smith case, which dealt with the S&L crisis, had held that that kind of removal was perfectly acceptable. You can still have victims. It's the last person holding the bag. And Smith held that. Peterson explained as well in 2008 that it is acceptable to have multiple links in the causal chain for victims. And that's what we had here. We had multiple links. But the judge hadn't decided that. The judge had not decided that by the time the 90-day period had expired. Isn't that correct? That is correct. And I would. So there was an argument made on whether or not there were victims. I understand your view of the law. And it's one of the issues before us, I guess, is whether or not the downstream banks were victims. But if that was not resolved in terms of a decision by the judge, does that leave that question open and not clear as is required by Dolan when the judge has to impose restitution? Well, Your Honor, what's interesting is that Dolan doesn't require the things that the defendants are saying. Dolan explained that the 90-day time requirement was a time-related directive. It was not jurisdictional. It wasn't even a claims processing rule. And the court held that the district court in that case had obviously had continuing jurisdiction. And certainly courts had that at least where. And then the court went on to say the court had made it clear. If you look at the facts of Dolan, Judge Tashima is entirely correct, that the facts of Dolan really aren't that different from the facts here. The court in Dolan, and this is discussed at page 2537, told the defendant that he could anticipate an award in the future, but that the court was leaving restitution open. Similarly, in the court's restitution, in the court's sentencing. I thought that the judge in Dolan, and correct me if I'm wrong, said he was in fact going to order restitution, just the amount was not, was open. Am I incorrect? That is what the Supreme Court said. That is how they characterized it. But when you get into the facts that they were saying about what the Dolan court actually said and did, they go through in some detail what the Dolan court said to the defendant and what the Dolan court wrote in its order. And in its order, it said, it acknowledged that restitution was mandatory under the Mandatory Victim Restitution Act, but it said there was no information available at that time, and therefore the court will not order restitution at this time. So really, it's very similar to the facts here. It's also similar to the facts in Gushlak, which is a Second Circuit case that the defendant cited in their reply brief. In that case, the court said that it would issue a restitution order within the 90 days. Similar, Judge Lodge had thought that he would issue an order very quickly, too, he said. Towards the end of the period, it was a 547-day period before restitution was ordered in Gushlak, the government was struggling to prove restitution because it was such a complex fraud. And the court in Gushlak said, it would be a real shame if I couldn't order restitution here. So there was a very real possibility in Gushlak that restitution might not be ordered. For that reason, there's nothing in Dolan that requires the precise notice and the precise magic words the defendant is trying to say. Well, the statute must mean something. What does the statute require, at a minimum, to be done within the 90-day period? Absolutely, Your Honor. And it's very interesting in Dolan to read the court's analysis of what the statute does require. The court, in examining the context and the legislative history, concluded that that 90 days was designed for the victims. That the Congress was concerned that defendants not be able to dissipate assets. And that was the motivation behind the 90 days. Congress apparently actually stated that the only due process right they were concerned about for defendants, with respect to this provision, was the right not to be sentenced based on misinformation. Congress was not interested in finality. And Dolan made that pretty clear. And really, the statute makes it clear, too. Because the very next sentence in 3664D explains that victims can reopen the restitution issue if they discover new damages. So the statute means something. But what it means is that Congress wanted the courts to hurry on behalf of the victims. It did not want to give defendants a free ride simply because the court made a mistake or even the government made a mistake. And the court did that here. I mean, it was 521 days. That's a lot longer than 90 days. That's certainly not what Congress envisioned for victims. Congress wasn't worried about defendants here. And defendants are trying to use that in order to escape their duty to pay restitution. I don't think, you know, you've answered my question. I asked you, what does this 90-day provision at a minimum under subsection D5 require? And you really say that it's nothing. I mean, in other words, you know, these are empty words by Congress. It doesn't mean a thing. Does it impose any kind of requirement at all on the court or on the government? Yes, Your Honor. I think after Dolan, it's clear it imposes a time-related directive. And Dolan acknowledged that it said shall. I mean, I share your concern there because it does. It says it shall be ordered within 90 days. And Congress said that is simply a time-related directive. It's similar, Dolan analogized, to cases, other cases in which executive officers were directed to do things within a certain time period or bail hearings were supposed to be held within a certain time period. If the court neglects to hold a bail hearing in time, that doesn't mean the defendant goes free. But it is a mistake for the court not to hold the bail hearing on time. Well, how far do we go then? I'm just curious. I mean, this issue is not really in front of us. I mean, so this was 527 days, I think, here in our case, wasn't it? Or 521, Your Honor. Yeah, 521. Can we go 1,000 days? Your Honor, Moreland did go 1,000 days. So? It's a very good question. The statute says very little. Ten years? Ten years. Dolan's response to that, I guess, was that, because I'm troubled by it, too, and I don't know what the limit is, but Dolan's response was that the defendant has some control over that. Because the defendant doesn't – I know, it's odd. The defendant doesn't have to sit there and just wait. The defendant can go to the court and say, we need this order. We need some finality. And the defendant, if the court still doesn't order something – the defendant did not do that here. The defendant responded when the government reminded the court. The defendant, Dolan says, go to the Court of Appeals and ask for a writ of mandamus. I thought it was the defendant that went to the court. Was it the government that went to the court? The government sent an e-mail to the court's clerk, and the defense counsel responded as well, at that point saying, well, the court's already over the 90 days, and so restitution isn't even allowed. Okay. Okay. If there are no further questions, Your Honor, the government would submit and ask that this court affirm. Thank you. Mr. Mumford, you have a minute. The government brings up the fact that the defendants pleaded guilty. Yes, but they pleaded guilty to one count. Only one loan is all that they had pleaded guilty to. And that was loan four. And what did we approve and establish by means of written interrogatories prior to the sentencing hearing? That one alleged victim says admitted they suffered no losses. In other words – and so the rest of the restitution order here is asking the court to assume, well, if they did it in this one instance, then they did it in these other instances, and that there should be losses here. In other words, the government's position is really a perversion of the whole process of imposing civil liability against defendants. How can defendants be liable because they pleaded guilty in one count to one loan for all of these other loans where the government is simply asking the court to apply a but-for causation standard that the statute does not support. And that is why it's not as simple as a thousand days or ten years when the basis for the liability has not even been Thank you very much. Thank you, Your Honor. Thank you both, Mr. Mumford, Ms. Hargrove. Very excellent arguments. Thank you very much. Very helpful. This case is now submitted.
judges: ALARCON, TASHIMA, MURGUIA